Filed 7/16/26  P. v. Moreno CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>LOUIE MORENO, JR.,<br>    Defendant and Appellant. | C102723<br><br>(Super. Ct. No. 97F05215) |

In 1997, defendant Louie Moreno, Jr., sexually assaulted an 11-year old girl and was ultimately sentenced to 40 years in prison, which included three one-year prior prison term enhancements under former Penal Code section 667.5, subdivision (b) (statutory section citations that follow are to the Penal Code) and a five year prior serious felony enhancement.  In 2024, the trial court resentenced defendant pursuant to section 1172.75, striking the now-invalid prior prison term enhancements but otherwise leaving the sentence unchanged.  On appeal, defendant contends the trial court erred in failing to dismiss the five-year prior serious felony conviction enhancement.  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In 1997, defendant was babysitting his girlfriend's 11-year-old younger sister. While the girl was watching television, defendant walked over and laid on top of her. After he got off, the girl moved to a different chair to get away but he came over and

1

knelt over her and began rubbing his fist on her vagina over her clothing. The girl repeatedly tried to push defendant off and her nephews began hitting him to get him off, but he continued. He eventually got off and the girl moved to the floor. Defendant came over and started touching her breast over her clothing. Defendant got on top of the girl again and she tried to push him off and told him to stop, but he refused. Defendant moved against her in a "vibrating motion" as he held her down.

Defendant briefly stopped and got off the young girl, and she moved to a chair across the room. Yet again, defendant followed her. The victim tried to avoid defendant, but he pulled her down across his lap and slid his hand under her clothing and penetrated her vagina with his fingers. In pain, the girl called for help and asked defendant to stop, but he continued to digitally penetrate her until she was finally able to free herself and run to a nearby bedroom. Defendant asked the victim to come to his room later that evening and told her not to tell her sister.

Thereafter in 1997 defendant was charged with multiple sexual offenses. After he was convicted by a jury and sentenced, he successfully petitioned the federal court for habeas corpus relief in 2008. An amended information filed in 2010 charged defendant with committing a lewd or lascivious act on a child under the age of 14 years (§ 288, subd. (a); count 1) and committing multiple lewd or lascivious acts by force or fear on a child under the age of 14 years (§ 288, subd. (b)(1); counts 2-5). The amended information also alleged enhancements based on five prior convictions resulting in prison sentences (former § 667.5, subd. (b)) and a prior serious felony conviction (§ 667.5, subd. (a)) which also qualified as a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

In 2010, defendant pleaded guilty to all five counts. Defendant admitted enhancements for use of force or violence (§ 1203.066, subd. (a)(l)); substantial sexual conduct (§ 1203.066, subd. (a)(8)); and the prior prison term enhancements, the prior serious felony, and the prior strike conviction. In accordance with the plea agreement

2

stipulating a prison sentence of 38 to 45 years, the trial court sentenced defendant to an aggregate term of 40 years in prison, including the upper term of eight years on count 1, doubled pursuant to the prior strike; the upper term of eight years on count 2, doubled pursuant to the prior strike, running consecutively; five years on the prior serious felony enhancement; and one year each on three of the prior prison term enhancements, after staying one prior prison term enhancement and striking another. The court imposed the upper term of eight years, doubled to 16 years on counts 3, 4, and 5, to run concurrently with the other terms.

In 2023, the trial court recalled defendant's sentence under section 1172.75, based on the three prior prison term enhancements. (Former § 667.5, subd. (b).)

The People asked the trial court to strike the now-invalid prior prison term enhancements but otherwise leave the sentence unchanged. They argued that dismissing the prior serious felony enhancement would endanger public safety and was contrary to the interests of justice. They pointed to defendant's conduct in this case, his numerous prior convictions of increasing severity, and his numerous rules violations while incarcerated, including multiple incidents of fighting and verbal abuse of prison staff.

The People also noted a 2024 psychological report recounting defendant's claim that the 11-year-old victim had sexually provoked him, and he should have responded by verbally reprimanding and slapping her. The psychologist concluded that defendant had a high risk for violence "primarily based on his current instability and symptoms of mental illness, inadequate awareness into his illness and the need for ongoing treatment, inadequate awareness into contributors to his offense history, recent engagement in rule-violating behaviors (including alleged violence and threats), ongoing traits of a personality disorder, history of significant supervision violations, and the likelihood of future violations of the terms of community supervision."

Defendant requested that the court consider his rehabilitative efforts, argued further incarceration was unnecessary, and requested that the court dismiss the now-

3

invalid prior prison term enhancements, the prior serious felony enhancement, and the prior strike. In support, defendant produced records showing his rehabilitative programming, including for substance abuse, sexual addiction, domestic violence, victim impact, vocational skills, release planning, and relapse prevention. He also produced documentation regarding potential post-incarceration housing and employment. Defendant also argued that several mitigating factors applied, including that multiple enhancements had been applied to his sentence and the prior serious felony enhancement was based on a conviction more than five years old. (§ 1385, subd. (c).) According to defendant, a lower sentence would not endanger public safety and was not contrary to the interests of justice. Defendant also personally addressed the court, expressing regret for his crime and the harm to the victim. He claimed he was a changed man that would never harm anyone again.

The trial court stated that it had considered the parties' arguments and defendant's statement. The court found that defendant appeared sincere about not wanting to re-offend if released back into society. Although defendant had put significant time and effort into rehabilitation, the court remained concerned about defendant's molestation of a young girl using manipulation from a position of trust. The court further found defendant's record was "replete with criminal activity from early on as a juvenile" with a "RAP sheet that goes on and on and on." The court also noted defendant's prior, lengthier sentences in this case and concluded that, notwithstanding defendant's "heartfelt statements," it did not believe defendant was "completely rehabilitated at this time given the nature of these charges and some of the comments made while incarcerated and some of his disciplinary actions." The court struck the three prior prison term enhancements but otherwise reimposed defendant's prior sentence, for an aggregate sentence of 37 years.

Defendant timely appealed.

DISCUSSION

Defendant argues that the trial court misunderstood and failed to exercise its discretion to dismiss his prior serious felony enhancement under section 1385, subdivision (c), because there was no rational basis to conclude that dismissal of the enhancement would endanger public safety or was contrary to the interests of justice.

We review a trial court's decision whether to strike an enhancement under section 1385 for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) But " 'an abuse of discretion arises if the trial court based its decision on impermissible factors . . . or on an incorrect legal standard.' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

Section 1385, subdivision (c)(2), provides that a sentencing court "[i]n exercising its discretion" to dismiss a sentencing enhancement such as a prior serious felony enhancement "shall consider and afford great weight to evidence offered by the defendant to prove" certain enumerated mitigating circumstances, including that multiple enhancements were applied, and an enhancement is based on a conviction more than five years old. (§ 1385, subd. (c)(2)(B), (H).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) In this context, "endanger public safety" means "there is a likelihood that the

5

dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

In *People v. Walker* (2024) 16 Cal.5th 1024, 1029, our Supreme Court rejected the argument that section 1385, subdivision (c)(2) creates a rebuttable presumption in favor of dismissal of an enhancement unless a sentencing court finds that dismissal would endanger public safety. Instead, "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Walker*, at p. 1029.) "In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Ibid.*)

Here, the trial court did not expressly find that dismissal of the serious felony enhancement would endanger public safety or was not in the interests of justice. However, it stated that it considered the parties' briefing and arguments, which included the People's arguments that dismissal would endanger public safety and was contrary to the interests of justice, especially given the psychologist's opinion that defendant posed a high risk of future violence. The court also considered defendant's arguments regarding his rehabilitation and mitigating factors such as the age of the prior serious felony and the fact that multiple enhancements were applied.

The trial court also stated that it would impose the same sentence, aside from the now-invalid prior prison term enhancements. In doing so, the court specifically noted defendant's sincerity and efforts at rehabilitation. However, these were outweighed by his serious conduct in this case, his extensive criminal history, his blaming of the victim for his conduct, and his numerous rules violations.

6

In light of these findings, and because we presume the trial court acted to achieve legitimate sentencing objectives and considered all of the relevant sentencing factors, defendant has failed to show that the trial court's denial of his request to dismiss the prior serious felony enhancement was irrational or arbitrary.  (See *People v. Carmony*, *supra*, 33 Cal. 4th at pp. 376-377; *People v. Myers*, *supra*, 69 Cal.App.4th at p. 310.)  Accordingly, we reject defendant's argument that the trial court abused its discretion afforded by section 1385, subsection (c).

DISPOSITION

The judgment is affirmed.

/s/ _____
HULL, Acting P. J.

We concur:

/s/ _____
ROBIE, J.

/s/ _____
BOULWARE EURIE, J.

7